THE MACMURRAY-JUDGE ARCHITECTURAL IRON COMPANY, *Appellant*, v. THE CITY OF ST. LOUIS.

### Division Two, April 3, 1897.

1. **Private Property for Public Use:** INJUNCTION: PRACTICE. Plaintiff can not, in an injunction proceeding, obtain a perpetual restraining order enjoining a city from injuring his property by changing the grade of a street until the amount of damages is ascertained and paid, and in the same proceeding recover judgment for the amount of damages which he will sustain by reason of such change.

2. ——: ——: ——: ELECTION OF REMEDIES. Plaintiff alleged that the city by the changing of the grade of its streets would injure the property of plaintiff to the amount of $75,000, and prayed that it might be restrained from making such change until the amount of the damages that would result to plaintiff's property thereby was ascertained and paid. At the trial the city announced its consent to a final decree awarding the injunction, but objected to any testimony relating to damages. The court made the restraining order perpetual, but refused to determine the amount of damages which "plaintiff in its petition claims it will sustain by reason of the change of the grade therein mentioned." *Held*, that under the Constitution plaintiff was entitled to the restraining order, but that plaintiff in the same proceeding could not both prohibit defendant from committing damage on its property and recover the amount of that damage. Plaintiff had its election to either enjoin the defendant from damaging its property until just compensation was paid it, or to wait until the damage actually accrued and then sue the city for full compensation, but it could not consolidate the two proceedings.

3. **Pleading:** NECESSARY IMPLICATION. The petition alleges that the defendant is prosecuting the work of changing the grade of certain streets "to the grade established by ordinance 15119." From this allegation it is necessarily implied that the work was done in pursuance of some ordinance, since the defendant can only act by ordinance, and it is a well established rule in pleading that things which are necessarily implied need not be alleged.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*Leverett Bell* and *R. Schulenburg* for appellant.

(1)   Under the terms of section 21, of article 2, of the Constitution, one whose property is damaged for public use is entitled at any time after the work has commenced, to have his compensation adjusted and paid without reference to the fact that the work is not completed. 1 R. S. 61; *Hickman v. Kansas City*, 120 Mo. 110; *St. Louis v. Hill*, 116 Mo. 527; *St. Louis v. Lang*, 131 Mo. 412.   (2) The charge is distinctly made in the petition in this case, "that the defendant is prosecuting the work of changing the grade of Twenty-first street, Papin street, and the alley, and is conforming said streets and alley to the grade established by ordinance 15119 aforesaid, and the execution of said work will compel plaintiff to reconstruct its premises." (3) On, March 11, 1892, the day the petition was filed, the work of changing the grade of the streets was in progress and had already been commenced, and on May 24, 1892, it was restrained by a preliminary restraining order, which was made perpetual in the final decree of May 15, 1895.   The court below refused to consider damages, or to hear any testimony touching the same, but put plaintiff off with an injunction restraining defendant from executing any further work, until it had caused to be ascertained and had paid plaintiff's damages.   (4)   The relief granted below was far short of what plaintiff is entitled to under the constitutional provision in question.   As the work had been commenced prior to the institution of the suit, the court should have heard testimony, ascertained the damages that had resulted and would result to plaintiff therefrom and entered a general judgment against defendant therefor, and restrained defendant from proceeding with the work until it had paid the judgment to plaintiff, or into court for the plaintiff.

*W. C. Marshall* for respondent.

(1)  The facts stated in the petition do not fit the statement of the law and the principles decided in the cases cited by appellant.  (2)  It is true that under section 21, of article 2, of the Constitution, one whose property is damaged for public use is entitled to have his compensation adjusted and paid before he is disturbed or his proprietary rights divested, but it is not true that he can have an injunction to prevent such disturbance or divestment, and at the same time have a judgment for damages therefor before any damage has been done or authorized by the city to be done.  (3)  The vice of plaintiff's statement consists in the fact that it does not inform this court of the true issues in the case. The point at issue is whether plaintiff's petition sufficiently states a cause of action against the defendant when it does not aver that the defendant, by ordinance, had authorized anyone to do any work changing the grade of the streets to conform to the new ordinance. If no such ordinance was ever passed, then the city of St. Louis could not be prosecuting the work of changing the grade, and if such work was progressing it was wholly without any authority from the city of St. Louis.  We say that before the damage has been done by the city the property owner can not, by injunction, restrain the city from damaging his property, and at the same time recover damages for prospective damage that may or may not ever be done to its property. (4)  The doctrine is now firmly rooted in the jurisprudence of this State, at least, that officers of any city have such powers, and only such as are conferred on them by the charter of the city. Their authority is to do certain things, under certain conditions and in a certain manner, and they can act only in that manner and in the presence of such conditions.  *Forrey v. Ridge,*

56 Mo. App. 615; *Thompson v. Boonville*, 61 Mo. 282; *St. Louis v. Clemens*, 52 Mo. 133; *Leathers v. Springfield*, 65 Mo. 504; *Louisiana v. Miller*, 66 Mo. 467. (5) Where a city charter provides that public work can only be done pursuant to ordinance authority, the city is not bound if the work is done either by the city engineer, or by direction of the mayor, or of any other officer, or if it is not done in the manner and according to the form and by the officer authorized by the organic law. *St. Louis v. Clemens*, 52 Mo. 133; *Thompson v. Boonville*, 61 Mo. 282; *Matthews v. Alexander*, 68 Mo. 115; *Louisiana v. Miller*, 66 Mo. 467; *Crutchfield v. Warrensburg*, 30 Mo. App. 456. (6) In the case at bar whoever is prosecuting the work of changing the grade, may be trespassers, but the city is not liable, because it never has attempted by ordinance to exercise its charter powers. A petition which fails to so charge is radically defective. *Fulkerson v. Thornton*, 68 Mo. 468; *Kenney v. Railroad*, 70 Mo. 252; *Melvin v. Railroad*, 89 Mo. 106; *Halpin Mfg. Co. v. School District*, 54 Mo. App. 371; *Central Nat. Bank v. Doran*, 109 Mo. 40. (7) By statute, a city's entire legislative power is vested solely in the mayor and board of aldermen, whose acts are evidenced alone by ordinance duly enacted, without which the corporation is not bound, even where it has power to act. *Rowland v. City of Gallatin*, 75 Mo. 134, and cases cited; *Stewart v. Town of Clinton*, 79 Mo. 603; *Werth v. City of Springfield*, 78 Mo. 107; *Rumsey Mfg. Co. v. Schell City*, 121 Mo. App. 175. (8) The mere passage of the ordinance establishing the grade could not damage plaintiff, for that ordinance, being a mere paper thing, might subsequently be repealed or changed before any actual physical work was done changing the grade. (9) Plaintiff has the right at common law and under the Constitution and statutes to maintain injunction to prevent the city

damaging its property until the damages are ascertained and paid. It may also, if it so elects, wait until after the damage is done, and sue at law for the damages inflicted upon it. But it can not restrain the doing of an act which will result injuriously to it, and at the same time have an assessment of the damages before the act is done.

BURGESS, J.—This is a suit in equity to enjoin and restrain defendant from changing the grade of certain streets and an alley in said city, in pursuance of its ordinances, until the damage sustained by plaintiff to its property by reason thereof is adjusted, and to recover damage in the sum of $75,000, alleged to have been sustained by plaintiff by reason of said change of grade, etc.

The petition leaving off the formal parts is as follows:

"Plaintiff states that it is, and was at the times hereinafter mentioned, a corporation created by the laws of Missouri, and the defendant is and has been, since the year 1822, a municipal corporation under the laws of said State. That the defendant duly adopted and enacted an ordinance entitled 'An ordinance changing certain grades on Twenty-first street, Adams street, Poplar street, Randolph street, Singleton street and Papin street, and to repeal parts of ordinance number four thousand, two hundred and thirty-one,' which ordinance was approved July 18, 1889, and is numbered 15119.

"That prior to the enactment of ordinance 15119, to wit, in the year 1871, Twenty-first street and Papin street, where said streets adjoin block 2282, and the east and west alley in block 2282 had been paved and improved with sidewalks, gutters, curbing and roadway in conformity with ordinance 7741 of said city,

entitled 'An ordinance to improve certain streets in the second district south of the north line of Fifth street,' approved July 6, 1871.

"The plaintiff states that it is and has been for many years engaged in business in St. Louis, in manufacturing cast and wrought iron work, such as columns, lintels, sills, beams, girders, stairs, house and store fronts, etc., and it is and has been since 1881, the owner of a lot of ground in block 2282 of said city on the southeast corner of Twenty-first street and Papin street, having a front on Twenty-first street of one hundred and twenty-seven feet and six inches, and on Papin street of two hundred and ninety-four feet, and is bounded west by an alley twenty feet wide, and said ground is covered by a brick structure, erected by the plaintiff in 1881, extending to the line of Papin street, Twenty-first street and the alley, and containing the machine shops, foundry, pattern shop, engine and boiler room, trainways, steam hoisting machinery, and other machinery and appliances, in which premises the plaintiff has carried on and prosecuted, and is carrying on and prosecuting, said business.

"That the building and improvements of plaintiff aforesaid were constructed and adjusted to the grade of Papin street, Twenty-first street and the alley, as the said streets and alley were constructed pursuant to ordinance 7741 aforesaid, and before the enactment of ordinance 15119.

"That by the provisions of ordinance 15119 the grade of the street at the northwest corner of plaintiff's building, being the intersection of Papin and Twenty-first streets, is changed and raised six feet above the grade existing at and prior to the passage of said ordinance; and at the southwest corner of said building, being the intersection of Twenty-first street and the alley the grade is changed and raised three feet above

the grade at and prior to the passage of said ordinance; and at the east end of the building on the alley the grade is changed and raised two feet, and at the east end of the building on Papin street the grade is changed and raised three feet above the grade existing at and prior to the passage of ordinance 15119. The plaintiff states that the defendant is prosecuting the work of changing the grade of Twenty-first street, Papin street and the alley, and is conforming said streets and alleys to the grade established by ordinance 15119, aforesaid, and that the execution of said work will compel plaintiff to reconstruct its premises aforesaid and adjust the same to the grade of the said streets and alley as established by ordinance 15119, and will interrupt, obstruct and destroy the manufacturing plant and manufacturing business aforesaid of plaintiff, during the period embracing the reconstruction of plaintiff's premises aforesaid, and will inflict on plaintiff damage in the sum of seventy-five thousand dollars; and this damage is damage to the private property of plaintiff for public use, and under the Constitution of this State it can not impose on plaintiff without just compensation, and said Constitution provides that until the same is paid to plaintiff, or into court for plaintiff, the property of plaintiff can not be disturbed or the proprietary rights of plaintiff therein be divested.

"The plaintiff states that the defendant has not obtained the consent of plaintiff to the change of grade aforesaid, nor has it attempted to agree with plaintiff as to compensation to plaintiff for said damage, nor has it instituted the proceedings provided by sections 1815 to 1821, both inclusive, of the Revised Statutes of this State, to have said damages ascertained and determined.

"The plaintiff prays that the defendant may be

restrained and enjoined from changing the grade of the streets and alley aforesaid until the damage aforesaid is adjusted and paid as required by law, and that plaintiff may recover in this action the damage aforesaid, seventy-five thousand dollars, with interest and costs."

The answer is a general denial.

On the twenty-fourth of May, 1892, the circuit court entered a temporary restraining order enjoining the defendants "from interfering with or changing the grade of Twenty-first street and Papin street, adjoining the premises of the plaintiff, in the petition herein described, until the damages accruing to plaintiff by reason of such change of grade are established and paid to plaintiff, or into court for its use, the court reserving the other question in this cause until final hearing.

The case came on for trial on the fifteenth of May, 1895, when the following proceedings were had.

The defendant objected to any testimony being received in the cause, and announced that it consented to a final decree against it confirming the injunction granted by the interlocutory decree and for costs, and the court sustained said objection, and the plaintiff then and there excepted to the ruling of the court, and the court entered the following decree: "This cause coming on to be heard a jury was waived, and the same was argued by counsel for the respective parties, and the court thereupon, against the objection of plaintiff, refused and declined to hear any testimony or to proceed to determine the amount of damages which the plaintiff claims in its petition it will sustain by reason of the change of grade therein mentioned, and thereupon, with the consent of the defendant expressed in open court, the court ordered, adjudged and decreed that the injunction and restraining order

entered in this cause on May 24, 1892, be confirmed and stand as the final decree and judgment in this cause, and that the costs of this proceeding be adjudged against and shall be paid by the defendant, and that execution issue therefor."

The plaintiff filed its motion for a new trial, which, being overruled, it appealed to this court.

It is claimed by plaintiff that the judgment of the court below violates the constitutional right of plaintiff, to have compensation for its property damaged for public use.

Section 21, of article 2, of the Constitution of this State, provides that: "Private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested."

It is conceded by defendant that under said section, one whose property is damaged for public use is entitled to have his compensation adjusted and paid before he is disturbed or his property rights divested, but it is insisted that he can not have an injunction to prevent such disturbance or divestment, and at the same time have a judgment for damages therefor, before any damage has been done or authorized by the city to be done. That is to say, before the damage has been done by the city, the property owner can not, by injunction, restrain the city from damaging his property, and at the same time recover damages for prospective damages that may or may not ever be done to his property. As the city charter provides that no grading of a street or improvement can be made which

involves the expenditure of money except by ordinance, it may be conceded that it can not be held liable for damages to property taken or damaged for its use, unless the same be done or committed in pursuance of its ordinances, for such is the only legal mode by which it could be done. *Thomson v. Boonville*, 61 Mo. 282; *St. Louis v. Clemens*, 52 Mo. 133; *City of Louisiana v. Miller*, 66 Mo. 467.

But the petition alleges, "that the defendant is prosecuting the work of changing the grade of Twenty-first street, Papin street and alley to the grade established by Ordinance 15119," from which it is necessarily implied that it was done in pursuance of some ordinance, as the defendant can only act in such matter by ordinance; and it is a well established rule in pleading that things which are necessarily implied need not be alleged. Bliss on Code Pleading, sec. 175; *City of St. Louis v. Lang*, 131 Mo. 412.

But we are unable to see how it is possible for plaintiff to recover for damage to its property, which defendant is absolutely enjoined and restrained upon its application from committing.

The purpose of the suit seems to be to enjoin and restrain defendant from changing the grade of the streets and alley, until the damages are adjusted and paid, and at the same time, and under the same count in the petition recover damages alleged to have been sustained by plaintiff by reason of the change in the grade.

Now, plaintiff was entitled under section 21, of article 2, of the Constitution to have its injunction, enjoining and restraining defendant from damaging its property for public use, without just compensation, and until such compensation was ascertained and paid to it or into court for it; clearly, it is not entitled to both injunctive relief, and at the same time compensa-

tion for damage to its property which on its own application has been prohibited. Plaintiff had its election to either enjoin the defendant from damaging its property until just compensation was paid to it, or into court for it, or to wait until after the damage actually accrued and then sue the city for full and adequate compensation (*Hickman v. The City of Kansas*, 120 Mo. *loc. cit.* 117), but having chosen the former course it must be held bound thereby.

From these considerations, it follows that the judgment should be affirmed, and it is so ordered.

GANTT, P. J., and SHERWOOD, J., concur.