STATE OF MISSOURI, Respondent, v. W. S. JENKINS,
Appellant.

**St. Louis Court of Appeals, February 27, 1900.**

**Appeal:** CONVICTION ON INFORMATION: APPEAL DISMISSED.
Defendant was convicted on information filed before a justice of the
peace, and also convicted in the circuit court. His attempted appeal
here must, under the case of State v. Brown, 153 Mo. 578, be dis·
missed, for the reason that section 4277, R. S. 1899 only provides
for an appeal from the circuit court where a conviction is had upon
an indictment.

Appeal from the Texas Circuit Court.—*Hon. Leigh B.
Woodside*, Judge.

APPEAL DISMISSED.

*Robert Lamar* for appellant.*

*Geo. T. Meador* for respondent.*

BIGGS, J.—The defendant was prosecuted under an
information filed before a justice of the peace charging him
with a violation of the statute governing merchants in the
sale of spirituous liquors. He was convicted before the jus-
tice and in the circuit court. He has attempted to appeal to
this court from the judgment against him in the circuit court.

In the recent case of State v. Brown, 153 Mo. 578,
the supreme court decided that there is no appeal from the
circuit court to the appellate court, where the defendant is
convicted of a misdemeanor on an information. The pur-
port of the decision is that the right of appeal is purely stat-

*The briefs of appellant and respondent, failing to discuss the right of appeal by
defendant under section 4277, R. S. 1889, are not reported. The court dismissed the
appeal because it was improperly taken.

utory, and that the statute (sec. 4277, R. S. 1889) only provides for an appeal from the circuit court where the accused has been convicted on a charge preferred in an indictment.

My associates are of the opinion that an order dismissing the appeal is proper following the action of the supreme court in State v. Brown, *supra*. To my mind this is illogical, for if there was and could be no appeal, there could be no order dismissing it. I think the order should be to strike the cause from the docket, for the reason that we have acquired no jurisdiction of the cause, and can not rightfully make any order concerning it. We only have the power to remove it from our docket.

In compliance with the views of the majority an order will be entered dismissing the appeal.