MERRITT L. DEVERS, Respondent, v. L. W. HOWARD et al., Appellants.

Kansas City Court of Appeals, April 1, 1901.

1. **Municipal Corporations:** CONTRACT: PLEADING: ORDINANCE. A petition counting on a contract with a municipality need not aver that the contract was made in pursuance of an ordinance; the allegation that the contract was made implies the existence of the ordinance.

2. **Trial Practice:** DEFECT OF PARTIES PLAINTIFF: DEMURRER: ANSWER. If a petition on its face shows a defect of parties plaintiff, the defendant must demur and not set up such defect as a matter of defense in his answer.

3. **Municipal Corporations:** IRREGULAR CONTRACT: RATIFICATION. Where work has been done under a contract with the city which was executed without proper authority and the same has been accepted and paid for by the city, the contract is ratified.

4. ———: ———: ———: BOND. Where a city ratifies an irregular contract, such ratification extends to the contract as an entirety and validates a collateral bond given by the contractor to the city for the protection of laborers and materialmen.

5. ———: SETTLEMENT: RECITATION IN RESOLUTION: SURETIES. Where sureties are present at the settlement between the city and their principal, their assenting to such settlement may be implied, but a recitation of their presence in the resolution of settlement passed by the council is ex parte and is not evidence of their presence.

6. ———: CONTRACTOR: COLLATERAL BOND: MATERIALMEN. A municipality has the right to require a contractor, undertaking to do work for it, to give a collateral bond for the protection of laborers and materialmen.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*J. M. Sallee* for appellants.

(1) A city of the fourth class can act only by an ordinance duly and legally passed. And ordinances, like private statutes, must be specially pleaded. There being no ordinance pleaded in this case, the bond and contract are *ultra vires* and absolutely void and no evidence should have been admitted under the pleadings. R. S. 1889, sec. 1652; R. S. 1889, sec. 1589; Mfg. Co. v. Schell City, 21 Mo. App. 175; Thrush v. City of Cameron, 21 Mo. App. 394; Frazier v. School District, 24 Mo. App. 250; Crutchfield v. Warrensburg, 30 Mo. App. loc. cit. 461; Schell City v. Mfg. Co., 39 Mo. App. 267; Keating v. City of Kansas, 84 Mo. 416; Kansas City v. O'Connor, 82 Mo. App. 655; Moberly v. Hogan, 131 Mo. 19. (2) The case of St. Louis v. Davidson, 102 Mo. 149, is not in point and should not govern in this case. Cheeney v. Brookfield, 60 Mo. 53. (3) The authority granted by statute to municipal corporations must be strictly pursued. Chicago v. Blair, 149 Ill. 310. (4) A municipal corporation may ratify any authorized acts and contracts of its officers which are within the scope of the corporate power, but the same must be done by an ordinance duly passed for that purpose. Kolkmeyer v. Jefferson City, 75 Mo. App. 678. (5) Courts will not take judicial notice of the passage of ordinances by cities of the fourth class. State v. Gustin, 152 Mo. 108; State ex rel. v. Brown, 72 Mo. App. 651; Moberly v. Hogan, 131 Mo. 19. (6) Municipal corporations can exercise only such powers as are granted in express words and those necessarily or fairly implied and those essential to

the declared objects and purposes of the corporation, and if there is a reasonable doubt concerning the existence of a power, it is resolved against the corporation. City of Joplin v. Leckie, 78 Mo. App. 8; City of Danville v. Waterworks Co., 178 Ill. 299; Kolkmeyer v. Jefferson City, 75 Mo. 678; Heidelberg v. St. Francis Co., 100 Mo. 74; McKissick v. Mt. Pleasant Twp., 48 Mo. App. 416; Winchester v. Redmond, 57 Am. St. Rep. 822, 826; Rannells v. Gerner, 80 Mo. 480; Pryor v. Kansas City, 153 Mo. 135; Dunn v. Neely, 75 Mo. App. 217.

*J. W. Peery* for respondent.

(1) The objection to the introduction of evidence under the petition was properly overruled. It is only necessary to plead the ultimate fact that a contract was made. It is not required that the petition should state how the contract was entered into. McNees v. Railroad, 22 Mo. App. 233; Werth v. Springfield, 78 Mo. 107; MacMurray v. St. Louis, 138 Mo. 617; St. Louis v. Lang, 131 Mo. 420; Water Co. v. Aurora, 129 Mo. 584; Chris. Ass'n v. Dubach, 82 Mo. 475. (2) The general ordinance, authorizing and providing for the waterworks plant, was sufficient to authorize the board of aldermen to provide for the construction of the well to supply water for the plant. It was but part of the waterworks system, and was to be paid for out of the fund provided for in the ordinances read in evidence. In such case the resolution of the board of aldermen was sufficient to authorize the mayor to make the contract and take the bond sued upon. Saleno v. Neosho, 127 Mo. 627; Tipton v. Norman, 72 Mo. 383; Eichenlaub v. St. Joseph, 113 Mo. 402 loc. cit.; Dill. Mun. Corp. (4 Ed.), secs. 449, 451; State ex rel. v. Milling Co., 156 Mo. 632. (3) The contract was clearly within the power of the city to make, and even though its officers had no express authority to make it, the sub-

sequent ratification of it by the city made it valid and binding against the defendants.   1 Dill. Mun. Corp. (3 Ed.), sec. 463; Water Co. v. Aurora, 129 Mo. 583; State ex rel. v. Milling Co., 156 Mo. 632, 634; Devers v. Howard, 144 Mo. 680.   (4) The bond being for a lawful purpose, within the charter powers of the city, as shown in the last paragraph, and having been voluntarily executed by the defendants, and based on a sufficient consideration, is valid without any reference to the question of whether the city entered into the contract, which it secured, in the manner required by law or not.   Barnes v. Webster, 16 Mo. 258; State ex rel. v. Stark, 75 Mo. 566; Henoch v. Chaney, 61 Mo. 129; State ex rel. v. Williams, 77 Mo. 469; State v. Horn, 94 Mo. 162; State v. Finke, 66 Mo. App. 238; Hardware Co. v. Greve, 18 Mo. App. 6; State ex rel. v. O'Gorman, 75 Mo. 378; Winfield v. Arch Co., 77 Mo. App. 370; Donnell Co. v. Repass, 75 Mo. App. 420.   (5)   The defendants are estopped to plead that the original contract was not entered into with the necessary legal formality.   City of St. Louis v. Davidson, 102 Mo. 153; State ex rel. v. Milling Co., 156 Mo. 631, 635.   (6)   Again, it is not true that the doctrine of estoppel does not apply to the contracts of municipal corporations.   Union Depot v. St. Louis, 76 Mo. 393; State ex rel. v. Murphy, 134 Mo. 567; 2 Dill. Mun. Corp., sec. 935; 1 Dill. Mun. Corp., sec. 457; Kansas City v. O'Connor, 82 Mo. App. 655; St. Louis v. Davidson, 102 Mo. 149; Smith v. Richardson, 77 Mo. App. 422.   (7)   The bond is dual in its character.   It in fact comprises two bonds, one to the city, to protect it against loss or damage for the non-fulfillment of his contract by the contractor, and the other to materialmen to secure them for the labor and material furnished to the contractors.   The plaintiff was as much a party to this bond as if his name had been inserted therein.   Board, etc., v. Woods, 77 Mo. 197; St. Louis v. Von Phul, 133 Mo. 561; Devers v. Howard, 144

Mo. 671; School Dist. ex rel. v. Livers, 147 Mo. 580; Doll v. Crume, 41 Neb. 655; Lyman v. Lincoln, 38 Neb. 794; Henricus v. Englert, 137 N. Y. 488; City of Bethany v. Howard, 149 Mo. 504; Woodson v. Carson, 135 Mo. 527; Hardcastle v. Fisher, 24 Mo. 75; Pinneo v. Hart, 30 Mo. 569; Jones Chat. Mtges., sec. 336; Bump Fraud. Conv. (3 Ed.), sec. 488; Trabue v. Ins. Co., 121 Mo. 81, 86.

BROADDUS, J.—This action is upon a bond executed by the defendant Howard as principal and the defendants Vandivert and Phillips as securities to the city of Bethany, Missouri, for the digging of a well at and for the price of $800. The object of the bond was two-fold in its character, viz.: For a faithful performance of the work; and, secondly, for the purpose of securing all persons who might perform labor or furnish material for the construction of the well. The well was completed and accepted by the city. The plaintiff sues on said bond for material consisting of stone furnished by him to defendant Howard in the construction of said well. The finding was for the plaintiff in the circuit court and against Howard and the other defendants, his securities, from which they have appealed.

By certain ordinances of the city of Bethany, enacted in March and February, 1894, the question was duly and legally submitted to the voters of said city, as to whether said city would become indebted in the sum of thirty thousand dollars in excess of its annual revenue for the purpose of erecting, maintaining and operating a combined system of waterworks and electric light works, to supply the citizens of the corporation with water and light. The election was formally and legally held in pursuance of said ordinances on the twenty-seventh day of February, 1894, and the proposition was carried

by the requisite majority. Bonds were issued on the city's credit and the funds realized paid into the city treasury and transferred to the water and light fund. On the twelfth day of June, 1894, the board of aldermen, by resolution, provided that a well of water to supply the waterworks be dug on certain lots, said well to be of certain dimensions and walled in a certain manner. On the eighteenth of June, following, by resolution of the board, the city attorney was directed to draw a contract between the city and defendant Howard for the construction of the well without further action on the part of the board of aldermen. On the same day the mayor of the city and defendant Howard signed the contract for the digging of the well, and the defendant and his sureties entered into the bond in suit.

On the fifteenth of August, next following, the board of aldermen met and by resolution accepted the well dug by defendant Howard, on condition "that he and his bondsmen pay all debts and accounts contracted for walling, digging and constructing the well, and for all labor and material furnished on the same," and provided for paying him the amount due him. The motion recites that Vandivert and Phillips were present. In fact, the resolution recites in full the settlement then and there had between the city and defendant and his securities. In other words, the settlement and adjustment of the claims of defendant Howard and his securities for the construction of the well is embodied in the form of a resolution. All the ordinances and resolutions herein referred to were objected to as incompetent evidence on the part of the defendants. The plaintiff's evidence sustained his claim for material which entered into the construction of the work. The defendants rested their case without the introduction of any evidence on their part.

The second amended petition on which the cause was tried, after stating that the city of Bethany was a city of the fourth class, proceeds to set out the contract in suit without reference

Devers v. Howard.

to any ordinance as authority for entering upon the same upon the part of the city. But it does allege that the contract was performed, so far as the digging of the well was concerned, and that defendant was paid the contract price therefor; that it was a part of said contract that the city of Bethany should have the right at any time to apply any part of the amount which might be due the said L. W. Howard from it, under said contract, to the payment of all claims for work done or material furnished and used in constructing said well; that said provision was incorporated in said contract for the sole purpose of protecting laborers and materialmen who might do work upon or furnish material used in the construction of the well; and that the bond in suit was not only for the purpose of enforcing the carrying out of the terms of said contract, but also for the purpose of, as by its express terms, securing laborers upon and materials furnished to the contractor to enable him to construct said well. The answer, among other things, admits the execution of the contract and the bond in suit, but denies that the city was by proper ordinance authorized on its part to enter into the same and that they were consequently *ultra vires* and void, and further alleges that there is a defect of parties plaintiff, as the city alone had the right to sue on the bond. The reply sets up that the city of Bethany ratified said contract by complying with all its terms and the terms of the bond by paying to defendants the money agreed to be paid.

The defendants contend that the petition does not state a cause of action, inasmuch as the ordinances of the city are not pleaded predicating the right to make the alleged contract; that the bond and contract are *ultra vires* and void; and that the suit should have been in the name of the city of Bethany.

Upon the first point, that the petition does not state a cause of action, the position of the defendant is not tenable. From the allegations of the petition that the contract was en-

tered into upon the part of the city, it is necessarily implied that it did so in pursuance of some ordinance.    See Iron Co. v. St. Louis, 138 Mo. 608; Werth v. City of Springfield, 78 Mo. 107.    It therefore follows, so far as the face of the petition goes, the contract and bond set forth therein are not *ultra vires* and void.

If the plaintiff Devers was not the proper party plaintiff, and the suit should have been in the name of the city of Bethany, the defendant has waived the error, for the reason that if the face of the pleading shows a defect of parties plaintiff, the defendants' remedy would have been that of demurrer and not by answer as herein, even though they have made it a special matter of defense. See Dodson v. Lomax, 113 Mo. 555; Walker v. Deaver, 79 Mo. 664; Rogers v. Tucker, 94 Mo. 346

The record shows that there was no ordinance authorizing the mayor to enter into the contract for the construction of the well and for the taking of the bond, although the city had the right to make the contract, inasmuch as the citizens had voted to increase the indebtedness of the municipality for the purpose of erecting a waterworks system, and the funds had been provided for paying for the same.    The contract was entered into on the part of the city upon the passage of the resolution in evidence, awarding the contract to defendant Howard.    This resolution does not even authorize the mayor to execute the contract.    But the record in this case shows that in pursuance of said contract the bond in suit was executed to the city, and that the defendant constructed the well and the city paid him for his work as agreed upon in the written contract.    This is not, therefore, a suit to enforce a void contract, for the contract has been executed.    But it is a proceeding, as we have seen, to enforce the provisions of a bond, dual in character, one part of which is to secure laborers and materialmen for labor upon and material furnished in the erection of the well.    The city of

Bethany, by the act of accepting the work and paying for the same, ratified the contract and thereby made what was before merely irregular, legal and binding. A municipal corporation may ratify the unauthorized acts and contracts of its agents and officers which are within the scope of the corporate powers. Water Co. v. City of Aurora, 129 Mo. 540; State ex rel. v. Milling Co., 156 Mo. 620. The only ratification necessary would be acceptance of the work and payment for the same. "Strong evidence of the assent of the corporation is not required." Water Co. v. City of Aurora, supra; 1 Dillon on Municipal Corporations, sec. 464.

If the ratification of the contract made the same legal and binding it would necessarily follow that the bond in suit would also be legal and binding. The ratification would be complete and extend to the bond as an entirety.

We are cited to the case of Kansas City v. O'Connor, 82 Mo. App. 655, as showing that the contract in question could not have been validated. But in that case the contract provided among other things that the contractor should sprinkle the streets, that he was to improve and keep in repair. The court held that the city had no power "to lay a special tax against the abutting property of the citizen for the purpose of paying for sprinkling;" and that the contract for that reason was *ultra vires,* an entirety, inseparable, a part void, the whole was void. But as we have seen in this case, the city had the authority to contract for the work by proper ordinance, but having failed to do so, it did not become *ultra vires* thereby, but was the subject of ratification. In City of St. Louis v. Davidson, 102 Mo. 149, it is held that a party after having derived benefits under a contract is estopped from denying its validity. And that was a contract which was held to be *ultra vires.* The city had contracted the services of prisoners in its workhouse to a private person. This the city had no authority to do. Yet the

court say that although the city might, in a suit to enforce the contract, plead want of authority to make it and be relieved from its terms, but the other contracting party had no such right having reaped the benefits thereof. We can see no reason why the rule under the facts should not be enforced in its fullness in this case.

It is claimed by the respondent, as payment of defendant Howard for the work done under the contract was with the understanding that he and his securities would pay off and discharge all claims for labor and material furnished, they are estopped from denying their liability. If the recitation of the resolution, that the defendant securities were present at the time when the payment was made, is to be taken as true, then their assent may be implied to what was done on that occasion. But as said resolution is at most only evidence of ratification, it would not justify us in holding that it was evidence of the presence of the securities, it being in that respect merely an ex parte statement of the city council.

Since the decision of the case in 144 Mo. 680 and in St. Louis v. Von Phul, 133 Mo. 561 and Rogers v. Gosnell, 58 Mo. 590, it is no longer an open question but what a city has the right to require such a bond as the one in question herein.

Finding no error in the action of the trial court, the cause is affirmed. All concur.