### GEORGE G. ADAMS *vs.* CITY OF WATERVILLE.

### Kennebec.    Opinion April 16, 1901.

*Towns.   Municipal Debts.   Evidence.   Const. Law.   Amend. Art. XXII.*

In an action against a municipality to recover for services performed, where the employment of the plaintiff by proper authority and his performance of the services are admitted, and where the defense set up is that the city could not create this liability under the constitution of this state, because of the fact that its debts and liabilities in the aggregate already exceeded five per centum of the last regular valuation of the city, exclusive of temporary loans to be paid out of money raised by taxation, during the year in which they were made, the burden of proving this fact is upon the defendant.

*Held;* that the evidence in this case did not show this to be the fact, and that consequently a verdict for the plaintiff was properly ordered.

Exceptions by defendant.    Overruled.

Assumpsit for services rendered by plaintiff.    The court ordered the jury to return a verdict for the plaintiff.

The case appears in the opinion.

*S. S. and F. E. Brown*, for plaintiff.

*D. P. Foster*, city solicitor, for defendant.

SITTING:    WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, FOGLER, POWERS, JJ.

WISWELL, C. J.    Action of assumpsit upon an account annexed to the writ, wherein the plaintiff sues to recover a balance due him for services, performed by him as an architect in drawing and submitting plans for a proposed city hall, and for some other services in connection therewith.    At the trial, after the evidence upon both sides was closed, the court ordered a verdict for the plaintiff. The case comes here upon the defendant's exception to this ruling.

It was not questioned that the plaintiff was duly employed in behalf of the city by competent authority, or that he performed the services sued for, and no question was raised as to the amount of his bill for such services.    The only ground of defense is, that at

the time this liability of the defendant was created by the employ-
ment of the plaintiff, or by his performance of the services, the
indebtedness of the city of Waterville was already in excess of the
five per centum of the city's valuation limited by the constitutional
amendment.

It is unnecessary to consider whether or not, if the liability created
by the plaintiff's employment and performance was to be paid for
as soon as the services were performed, and was thus a cash trans-
action, it would come within the inhibition of the provision of the
constitution, because the case does not show that this liability in
the aggregate with previous debts or liabilities exceeded five per
centum of the last regular valuation of the city. The burden of
proving that this was the case, and that, therefore, the municipality
could not create this liability, was clearly upon the defendant, as
was decided by this court in *Lovejoy* v. *Foxcroft*, 91 Maine, 367.
This defense having been set up by the defendant, it was incum-
bent upon the defendant to prove by competent testimony that the
city could not create this liability because of the fact that its debts
or liabilities in the aggregate with this liability, exclusive of debts
or temporary loans made in anticipation of the collection of taxes,
and "to be paid out of money raised by taxation, during the year
in which they were made," amounted to more than five per centum
of the last regular valuation of the city.

This the defendant failed to prove. The plaintiff was employed
on August 8, 1896. A witness, called by the defendant, testified
that the bonded indebtedness of the city in August, 1897, was
$205,000, and that the matured and unpaid coupons at that time
amounted to $5,500. There was no testimony that, during the
year 1897, the city of Waterville had any other indebtedness or
liability of any kind. The same witness testified, in answer to a
question, that in August, 1896, there were outstanding interest
bearing notes of the city amounting to $74,650, but there was no
evidence that, in 1896, the city had any other debt or liability than
the amount of these outstanding notes. The last regular valuation
of the city of Waterville prior to August, 1896, was $4,710,774,
five per centum of which is $235,538.70. The valuation of the

city for the year 1897 is not shown in the case. So far as the case shows, therefore, the city's indebtedness in 1896 did not equal five per centum of the valuation of the city for that year by a large amount, while the indebtedness of 1897 did not equal five per centum of the valuation of the preceding year by about $30,000.

If the inquiry in relation to the indebtedness of the city for these two different years, instead of as to the aggregate of such indebtedness at any one time, was accidental, still, so far as the case shows, the outstanding notes of the city in 1896 may have been for money borrowed in anticipation of the payment of taxes, and to be paid out of the taxes collected in that year; so that, in that respect, the defendant did not satisfy the burden of proof resting upon it to show that this liability, in the aggregate with other liabilities, not including money so borrowed for temporary purposes, was in excess of the constitutional limit.

*Exceptions overruled.*