SKINNER & KENNEDY STATIONERY COMPANY, Appellant, v. BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, April 7, 1914.

1. **MUNICIPAL CORPORATIONS: Action on Contracts: Defense of Illegality: Burden of Proof.** Where a municipal or *quasi* municipal corporation has the general power to make a contract which it enters into, in order to avail itself of the defense that the contract is void because of the failure to comply with certain requirements of the law, it must plead and prove the facts tending to establish that such was the case.

2. **SCHOOLS AND SCHOOL DISTRICTS: Action for Price of Supplies: Compliance With Statutory Requirements: Burden of Proof.** In an action against a board of education for the price of supplies furnished, evidence that defendant, through its proper officers, entered into a written contract for the supplies, that they were furnished defendant pursuant to the contract, and accepted by it, that payment therefor had been demanded, and that defendant had paid part of the purchase price, afforded a presumption that the requirements of Sec. 11039, R. S. 1909, with respect to the advertising for bids and the letting of the contract to the lowest bidder, had been complied with, prior to the execution of the contract, thus making a *prima-facie* case for plaintiff, and the burden was cast upon defendant of making good any defense which it might have on the ground of noncompliance with such statute. [REYNOLDS, P. J., dissents.]

3. ————: ————: **Compliance With Specifications: Evidence.** Where, in an action against a board of education for the price

of supplies furnished, the specifications were identified and were before the court, and evidence was admitted without objection that the supplies were furnished in accordance with the specifications, plaintiff's failure to formally offer the specifications in evidence was not fatal to the establishment of a prima-facie case.

**REYNOLDS, P. J., dissents.**

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED.

*George F. Beck* for appellant.

(1) Contracts of corporations stand upon the same footing as contracts of natural persons, and depend upon the same circumstances for their validity and effect. There is no difference in this respect between public and private corporations, and the general rules of evidence as to burden of proof, presumptions, admissibility, sufficiency and weight of evidence, apply in actions by or against municipal corporations. 28 Cyc. p. 1769; Brown v. Board of Education, 103 Cal. 531; City of Chicago v. Peck, 196 Ill. 260. (2) A municipal corporation, unless expressly prohibited by law or the provisions of its charter, has power to make all contracts that are necessary and usual in the course of its business as means to enable it to affect the object of its creation. 28 Cyc., p. 634. (3) Where the contract was within the general scope of authority of the corporation to make it, it will be presumed that it was duly authorized, and every presumption will be indulged in favor of its having exercised that authority in the manner prescribed by statute. 14 Enc. of Pl. & Pr. 243. (4) When a municipal corporation seeks to avoid its contract, which is not upon its face necessarily beyond the scope of its authority, it must make good its defense of want of authority by plea and proof. 14 Enc. of Pl. & Pr. 243; 28 Cyc. 1770; Brown

v. Board of Education, 103 Cal. 531; Arbuckle-Ryan Co. v. City of Grand Ledge, 122 Mich. 491; Hubbell et al. v. City of South Hutchinson, 64 Kan. 645; Adams v. Waterville, 95 Me. 242; City of Chicago v. Peck, 98 Ill. App. 434; s. c. 196 Ill. 260; City of Chicago v. English, 180 Ill. 476.

*E. M. Grossman* for respondent.

(1) Specifications constitute part and parcel of the contract. Evans v. Garden, 125 Mo. 79. (2) Respondent, being a political corporation, cannot be bound by a contract unless it is made in the manner prescribed by law. In its essential qualities the mode of proceeding in such case is of substance. 2 Dillon, Municipal Corporations, Sec. 801; Savage v. Springfield, 83 Mo. App. 328; Rumsey Mfg. Co. v. Schell City, 21 Mo. App. 175; Thomas v. City of Boonville, 61 Mo. 282; Crutchfield v. Warrensburg, 30 Mo. App. 456; Peterson v. Mayo, 17 N. Y. 440; Johnson v. School District, 67 Mo. 319. (3) Therefore, it becomes the duty of one seeking to recover from the board of education of the city of St. Louis under a contract made with it to show not only that the contract is within its specified powers, but also that the mode of procedure in making the contract was according to statutory requirements. Otherwise there is a failure to make out a case upon which a judgment against the school district can be based.

ALLEN, J.—This is an action against the board of education of the city of St. Louis to recover a balance alleged to be due plaintiff upon a written contract for the furnishing to defendant of certain metal bookstacks. The suit was instituted before a justice of the peace, and found its way by appeal to the circuit court. In the latter court plaintiff suffered a nonsuit, and, after unsuccessfully moving to set aside the same, has appealed to this court.

The action proceeds upon an account filed before the justice, setting forth the alleged contract price of the bookstacks in question, viz., $799, and giving credit thereupon for the sum of $500 paid on account, leaving a balance of $299, for which, and interest thereon, a recovery is sought. At the trial in the circuit court, plaintiff introduced in evidence the written contract, duly executed by the defendant, board of education, by and through its proper officers, and by plaintiff company. Plaintiff then offered testimony to the effect that the bookstacks in question had been furnished to the defendant pursuant to the contract, and accepted by the latter; that payment therefor had been demanded and that defendant had paid $500 on account thereof; that no objection or complaint had been made by defendant concerning the bookstacks furnished, nor upon the ground that anything further was to be furnished under the contract; and that the bookstacks had been installed in one of the high schools of the city of St. Louis.

The contract provided that the bookstacks were to be made in accordance with specifications adopted therefor and which were made a part of the contract. These specifications do not appear in fact to have been formally introduced in evidence, though the record discloses that they were before the court and were identified by a witness who testified that the bookstacks were made in accordance with such specifications.

In the cross-examination of a witness for plaintiff, counsel for defendant had the witness identify a certain letter, purporting to be a bid to the defendant, and then offered the same in evidence; but upon objection of plaintiff's counsel the writing was excluded.

The foregoing is the substance of the testimony in the record. At the close of plaintiff's case defendant requested the court to give a peremptory instruction in the nature of a demurrer to the evidence, and

upon the court signifying its intention to give such instruction, plaintiff took its nonsuit.

A careful examination of the record has convinced us that the plaintiff made a prima-facie case. Respondent contends plaintiff failed to make out a case because of its failure to show that the mode of procedure in entering into the contract was in accordance with the requirements of the law. And it is said that it devolved upon plaintiff to show that the defendant advertised for and received bids, and let the contract to the lowest responsible bidder, in accordance with the requirements of law relative to such contracts made by the board of education. But whatever may be said of the right of the defendant to interpose a defense to plaintiff's cause of action on such ground, we are not persuaded that the burden rested upon the plaintiff to show that all proper and lawful steps had been taken in the premises prior to the execution of the written contract between the parties.

The question here involved relates to the burden of proof. Plaintiff suffered a nonsuit on the ground that it failed to make out a prima-facie case, and whether or not it did so depends upon where the burden of proof lay as to the matter above mentioned.

We think it clear that such burden did not rest upon the plaintiff. The making of the written contract sued on was clearly within the general scope of the power and authority of the defendant, board of education. And where a municipal or *quasi* municipal corporation has general power to make and does enter into a contract, if the proper steps have not been taken to authorize it in the particular case, it must plead and prove the facts which rendered the particular contract illegal. In such cases the contract or obligation is not *ultra vires* as being beyond the power or authority conferred upon the defendant; and if the latter seeks to avoid the same upon the ground of an

antecedent failure to comply with certain requirements of the law, prior to the execution of the contract, it is a matter of defense which it must make good by proof. That such is the general rule, well supported by the authorities, we think, cannot be doubted. [See Brown v. Board of Education, 103 Cal. 531; City of Chicago v. Peck, 196 Ill. 260, affirming 98 Ill. App. 434; City of Chicago v. English, 180 Ill. 476; Arbuckle-Ryan Co. v. City of Grand Ledge, 122 Mich. 491; Crebs v. City of Lebanon, 98 Fed. 549; Adams v. Waterville, 95 Me. 242; Hubbell et al. v. South·Hutchinson, 64 Kas. 645; City of Enterprise v. Fowler, 38 Kas. 415; 28 Cyc. 1770; 14 Ec. Pl. and Pr. 243.]

We have no doubt that the general rule as above stated is applicable to the case in hand. Proof of the due execution of the written contract in evidence, performance by plaintiff, the acceptance of the book-stacks by defendant, without objection, and part payment therefor, afforded the presumption that the requirements of the law had been complied with in the premises prior to the execution of the contract. It was not incumbent upon plaintiff to prove the latter, but the presumption came to its aid, casting upon defendant the burden of making good any defense which it might have upon this ground.

In Brown v. Board of Education, supra, plaintiff sued the board of education of the city of Pomona, California, for the reasonable value of certain plans and specifications for the building of two public school buildings, which plans and specifications it was averred had been duly approved, accepted and adopted by the defendant. It was contended by the defendant that the power of the board of education to build school houses was limited by a statute providing that such might be done only "when directed by a vote of their district," and "with the approval of the board of trustees;" and that the complaint failed to show that the board of education was thus empowered to con-

tract for the services in question, and stated no cause of action. The trial court sustained a demurrer to the complaint. The Supreme Court of California held, however, that the complaint stated a cause of action, upon the ground that the contract, not being upon its face necessarily beyond the scope of the defendant's authority, would, in the absence of proof, be presumed to be valid.

We are referred by learned counsel for the respondent to authorities holding that a corporation of the general character such as is the defendant is not bound by the contract unless it is made in the manner prescribed by law. Such is the case of Johnson v. School District, 67 Mo. 319, a case going to the extreme in upholding this doctrine, but one where no contract was in fact made by the board of directors, as such, which board alone had the authority to make such a contract as that sued upon. Other cases might be referred to in this connection, but all of such cases are here beside the mark, and it would serve no useful purpose to discuss them. There is no evidence in the record to show that there was a failure to comply with the law respecting the taking of bids, and the awarding of the contract to the lowest responsible bidder. What may be the effect upon plaintiff's right to recover upon a showing of such failure is a matter which we may leave for consideration at a time when it is properly before us.

Something is also said respecting the failure of plaintiff to offer in evidence the specifications in question; and there appears to be some contention that plaintiff did not show that certain items were furnished. The specifications, as we have said, were identified and were before the court. And though they were not formally offered in evidence, testimony was offered and admitted, without objection, to the effect that the metal bookstacks had been furnished in accordance with the specifications accompanying the con-

tract. This was sufficient to make out a prima-facie case, so far as concerns this question. As to the question of other items, mentioned above, it is sufficient to say that the record before us discloses nothing on this score to affect plaintiff's right of recovery. Plaintiff sued in the justice court for the balance claimed to be due for furnishing metal bookstacks. The contract in evidence refers only to such metal bookstacks. And upon proof by plaintiff that the latter were furnished pursuant to the contract, according to the specifications, were delivered to and accepted by the defendant, without objection thereto, and that a portion of the contract price was paid on account thereof, a prima-facie case was made upon the cause of action sued upon. If any other items were in any manner involved in the transaction this record fails to disclose it. Whatever defense, if any, defendant may have on any such score, or otherwise, it may make upon a showing of the pertinent facts.

The judgment will therefore be reversed and the cause remanded to be proceeded with accordingly. It is so ordered. *Nortoni, J.,* concurs; *Reynolds, P. J.,* dissents, being of the opinion that on the authority of Kane & Co. v. School District, 48 Mo. App. 408, l. c. 415, and Savage v. City of Springfield, 83 Mo. App. 322, l. c. 328, the plaintiff cannot recover. The defendant is organized under Article XIII, Chapter 100, Revised Statutes 1909; and section 11039 requires that all contracts for school supplies shall be let "to the lowest responsible bidder complying with the terms of the letting." As no evidence of any such letting is here present, he is of the opinion that the judgment should be affirmed.