## VENA TAYLOR, Respondent, v. MICHAEL WALSH, Appellant.

**Kansas City Court of Appeals, May 22, 1916.**

1. **DAMAGES: Municipality: Independent Contractor: Dangerous Work: Liability.** Though a city employing an independent contractor to do public work is not generally liable for his wrong in prosecuting such work, yet, if the work which the city engages such independent contractor to do, is necessarily and intrinsically dangerous, the city will be liable. And it was held that the independent contractor was also liable.

2. ———: Independent Contractor: Sewer: Blasting: Liability for Vibration. If an independent contractor employed by a city to excavate a public sewer blasts rock so that the vibration injures a near-by dwelling, he is liable in damages, notwithstanding he was not guilty of negligence.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

*T. B. Buckner* for respondent.

ELLISON, P. J.—Defendant was engaged to construct a public sewer for Kansas City and under the provisions of the charter of that city the contract was let to him as the best competitive bidder and he was to receive his pay in tax bills issued against property holders. The land in which the sewer was to be dug and blasted had been condemned by the city for that purpose and its course led by plaintiff's house. In blasting for the excavation, such vibration resulted that plaintiff's house was damaged. She brought this action against defendant and recovered judgment in the circuit court. Defendant conceiving that there was a constitutional question involved took an appeal to the Supreme Court. That court decided there was no constitutional question in the case and transferred it to this court for disposition according to law.

The evidence shows that blasting was necessary in doing the work and there is no evidence that it was negligently done. Defendant concedes plaintiff suffered damage, but insists that the city alone was liable; and denies that our rule announced in Johnson v. Railroad, 182 Mo. App. 349, can be rightfully applied in this case. In that case, in an opinion by Judge JOHNSON, we held that where a railroad company in

constructing its roadbed blasted rock and caused the ensuing vibrations to injure the plaintiff's property, the company was liable in damages notwithstanding no negligence appeared in the manner of the work; and that work of that character resulting in such damage was a trespass in which negligence was not a necessary ingredient. It is true that in that case it was the owner of the land upon which the blasting occurred who was held liable for the damages.

But we find ourselves without a good reason for distinguishing between the wrongful act of the owner and the same act done for the owner for hire. Liability for a wrong cannot be avoided by the plea that, while it was voluntarily committed, without negligence, it was done at the instigation or request of another.

We are cited to 4 Dillon on Municipal Corporations (5 Ed.), sec. 1722 where, in preceding sections, the distinguished author is discussing the nonliability of a city, or other employer, for the acts of an independent contractor. That part of the section cited is as follows:

"The general rule is stated in the preceding section, (nonliability for the acts of independent contractors) but it is important to bear in mind that it *does not apply where the contract directly requires the performance of a work intrinsically dangerous,* however skilfully performed. In such a case, the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract."

That statement merely asserts that where the work, though skilfully performed by an independent contractor, is intrinsically dangerous, the employer is liable. But the author does not intimate, or intend to imply, that the contractor would not also be liable. That no such implication was intended is shown by

the two following sections (1723, 1724). We copy the latter (italics ours):

"Conformably to the distinction above. drawn, a corporation is liable for the wrongful act of the contractor, under the circumstances which show that it, *as clearly as the contractor,* was the author and promoter of the injury; for instance, where the prosecution of the work as authorized by the corporation necessarily produces the injury, the corporation, *as well as the contractor,* is responsible for the damage."

The judgment should be affirmed. All concur.