ANNA STOCKER, RESPONDENT, v. CITY OF RICHMOND HEIGHTS, A MUNICIPAL CORPORATION, APPELLANT.—132 S. W. (2d) 1116.

St. Louis Court of Appeals.   Opinion filed Nov. 7, 1939.

*Francis R. Stout* for respondent.

*Philip A. Foley, L. A. Robertson* and *Leon M. Feigenbaum* for ap-. pellant.

SUTTON, C.—This is an action for damages commenced in the Circuit Court of St. Louis County on September 2, 1937.

The petition is as follows:

"Comes now plaintiff and states that the defendant City of Richmond Heights is and was at all times mentioned herein a municipal corporation, organized, existing and administering its affairs as such.

"For a cause of action against the above defendant, plaintiff states that she is and was at all times mentioned herein the owner in fee simple of property located in the said City of Richmond Heights,

Missouri, and known and numbered as 7560 Ethel Avenue; that said property is and was at all times mentioned herein improved with a four-family brick dwelling house and garage.

"Plaintiff further states that the defendant, during the months of June, July and August, 1937, arranged and contracted to have a sewer constructed in the City of Richmond Heights and under property abutting plaintiff's property; that said sewer was constructed by the Works Progress Administration of the United States Government.

"Plaintiff further states that said work was done by the Works Progress Administration for and on behalf of the defendant and at the instance and request of the defendant and under an agreement and arrangement whereby the said Works Progress Administration agreed to construct the said sewer for the defendant and for the use and benefit of the defendant.

"Plaintiff further states that, in the course of the construction of said sewer, dynamite and other explosives were used to blast out stone, rock and other material to construct the tunnel of the said sewer; that the said explosions caused a vibration in the surrounding property and caused vibration in the ground of plaintiff's property above described and proximately caused the brick building and garage, with which plaintiff's property is improved, to be damaged thereby, in that the floors, ceilings, roof, walls, chimneys, stairways, windows, doors and other parts of the buildings were broken, cracked and separated from the parts of the buildings contiguous thereto.

"Plaintiff further states that by reason of the damage to her property, as aforesaid, she has been damaged in the sum of three thousand dollars all as a direct and proximate result of the explosions aforesaid and the resultant damage to her property.

"Wherefore, plaintiff prays judgment against defendant for the sum of three thousand dollars and her costs in this behalf expended and to accrue."

The trial with a jury resulted in a verdict and judgment for plaintiff for two thousand dollars. Defendant appeals.

Defendant assigns error here for the overruling of its demurrer to the petition. Defendant urges in support of this assignment that the petition fails to state facts sufficient to constitute a cause of action, in that, (1) the petition does not allege negligence resulting in damage to plaintiff's building, (2) the petition shows on its face that the construction of the sewer was under the exclusive control, management and supervision of the Works Progress Administration as an independent contractor, so that no relation of superior and subordinate existed to raise liability under the doctrine of *respondeat superior*, and (3) there is no allegation in the petition that the sewer in question was constructed by virtue or authority of any ordinance or ordinances duly enacted by the defendant city.

Negligence is not an essential element to create liability for damages due to blasting. Hence, it is not necessary to plead negligence. [Taylor v. Walsh, 193 Mo. App. 516, 186 S. W. 527; Gibert v. Evens & Howard Fire Brick Co. (Mo. App.), 260 S. W. 790; Johnson v. Kansas City Terminal R. Co., 182 Mo. App. 349, 170 S. W. 456; Blackford v. Heman Const. Co., 132 Mo. App. 157, 112 S. W. 287.]

Nor is it essential that the relations be such as to bring into operation the doctrine of *respondeat superior*. The general rule of non-liability of a city, or other employer, for the acts of an independent contractor, does not apply where the contract directly requires the performance of work intrinsically dangerous. [Taylor v. Walsh, 193 Mo. App. 516, 186 S. W. 527; St. Paul & Kansas City Short Line R. Co. v. U. S. Fid. & Guar. Co. (Mo. App.), 105 S. W. (2d) 14, 1. c. 21.]

Nor is it necessary to plead the ordinance or ordinances under which the work was done. [Devers v. Howard, 88 Mo. App. 253; Roy v. Kansas City, 204 Mo. App. 332, 224 S. W. 132; MacMurray-Judge Architectural Iron Co. v. City of St. Louis, 138 Mo. 608, 39 S. W. 467; Werth v. City of Springfield, 78 Mo. 107; City of St. Louis v. Lang, 131 Mo. 412, 33 S. W. 54.]

The demurrer to the petition was properly overruled.

We also think defendant's motion to make the petition more definite and certain was properly overruled. The petition sufficiently alleges the essential issuable facts. It is neither necessary nor proper to plead evidentiary facts.

Moreover, defendant by answering over and going to trial on the merits waived its exception to the overruling of its motion to make the petition more definite and certain. [Kitchen v. Schlueter Mfg. Co., 323 Mo. 1179, 20 S. W. (2d) 676; Green v. St. Louis-San Francisco Ry. Co., 224 Mo. App. 517, 30 S. W. (2d) 784; Sauter v. Leveridge, 103 Mo. 615, 15 S. W. 981; Kramer v. Kansas City Power & Light Co., 311 Mo. 369, 279 S. W. 43; Sperry v. Hurd, 267 Mo. 628, 185 S. W. 170; Burnett v. Hudson (Mo.), 228 S. W. 462; Mahan v. Merchants' Bank, 160 Mo. 640, 61 S. W. 676.]

Error is assigned by defendant for the refusal of its instruction in the nature of a demurrer to the evidence. The assignment is put on the same grounds urged in support of the demurrer to the petition. The evidence supports the allegations of the petition. Defendant entered into a contract or arrangement with the Works Progress Administration for the construction of the sewer for defendant. The contract or arrangement was made pursuant to an application of defendant to the Works Progress Administration. The application was made in writing through the defendant's officers. The contract provided for the use of powder and dynamite in blasting operations. It also provided for the superintendents of the work by the city engineer and for contributions by the city to the cost of the work amount-

ing to $63,631. It appears that the work done was an extension of the sewer system of the city and became a part thereof. The work was done under the supervision of the Works Progress Administration. It was also provided in the contract that the work would be financed on the part of the city by a bond issue or special tax bills. It appears that the city engineer supervised and inspected the work to the extent of seeing that it conformed to the ordinances of the city.

Courts will not assume that public officers will act dishonestly or dishonorably, or use their public trust for private ends, and, in the absence of proof to the contrary, officers will be presumed to have acted in the exercise of their powers in the interest of the public and within the authority granted them. The enactment of an ordinance or ordinances duly authorizing the work sufficiently appears by inference at least from the facts shown. [Roy v. Kansas City, 204 Mo. App. 332, 224 S. W. 132; Frazier v. City of Rockport, 199 Mo. App. 80, 202 S. W. 266; Skinner & Kennedy Stationery Co. v. Board of Education of the City of St. Louis, 182 Mo. App. 541, 165 S. W. 835.]

Other points raised in support of this assignment are necessarily ruled against defendant from what we have already said.

The instruction in the nature of a demurrer to the evidence was properly refused.

Defendant assigns error for the giving of plaintiff's Instruction No. 1.

Defendant complains that the instruction assumes that the duly authorized agents of the defendant made application and requested the building of the sewer by the Works Progress Administration. A reading of the instruction clearly shows that it does not assume, but requires the jury to find, such fact.

Defendant further complains that the instruction fails to define the proper measure of damages. The complaint made against the instruction is that it is general in its character and gave the jury a roving commission with respect to the amount of damages. There was no misdirection in the instruction or incorrect statement on the measure of damages. If the defendant thought the instruction might be misleading, it was its duty and right to request an instruction advising the jury in more explicit language respecting the measure of damages, but defendant, instead of requesting such an instruction, procured the court to give to the jury an instruction in substantially the same general language as that of the plaintiff's instruction. It ought therefore not be heird to complain of plaintiff's instruction here.

There was ample testimony showing the difference between the value of the damaged building before and after it was damaged, and the verdict is well within such showing.

Defendant assigns error for the modification of its Instructions Nos. 2, 3, 4, and 5. The record before us does not show in what respect

the instructions were modified. The assignment must therefore be ruled against defendant.

Defendant's refused instructions, as to which complaint is made, were properly refused because substantially covered by instructions given.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Becker* and *McCullen, JJ.,* concur; *Hughes, P. J.,* not sitting because not a member of the court at the time the case was submitted.

## ON MOTION FOR A REHEARING.

SUTTON, C.—Defendant, on motion for a rehearing, complains that we have overlooked cases in other jurisdictions, cited and relied on by it, as follows: City of Los Angeles v. Industrial Accident Commission (Cal.), 72 Pac. (2d) 540; Hoover v. Independent School District, 220 Iowa, 1364; Shelton v. City of Greenville, 169 Tenn. 366, 87 S. W. (2d) 1016; City of Phoenix v. Parker, 49 Ariz. 382; and Todaro v. City of Shreveport (La.), 170 So. 356.

The Los Angeles case involved the right or not of an injured workman to compensation from the City of Los Angeles under the Workmen's Compensation Law of California. The workman was employed by an independent contractor of the Works Progress Administration. It was held that the city was not liable for compensation because the city was not an employer of the workman. Clearly, that case is not in point here. The same is true of the Hoover case and the Shelton case.

In the Phoenix case it was held that the city was not liable to a pedestrian for injuries sustained by reason of the negligence of an independent contractor under contract to construct and complete storm sewer system improvements as a Progress Works Administration project, where the injury occurred outside the city limits. It was so held because the contractor being an independent contractor there was no relationship of master and servant between the contractor and the city so as to make the city liable under the rule of *respondeat superior*. That case is obviously not in point here.

In the Todaro case it was held that the employees of the Federal Civil Works Administration engaged in demolishing a building on fairgrounds owned by a municipality were not employees of the municipality and hence the municipality was not liable under the rule of *respondeat superior* for injuries sustained when the canopy of the building being demolished fell upon a member of a construction crew on a sidewalk adjacent to the building. Nevertheless, the

municipality was held liable under the rule that a municipality is liable for the negligence of an independent contractor in the performance of nondelegable duties. That case clearly does not support the defendant's view. On the contrary, it supports the view expressed in our opinion.

The Commissioner recommends that defendant's motion for a rehearing be overruled.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. Defendant's motion for a rehearing is accordingly overruled. *Becker* and *McCullen, JJ.*, concur; *Hughes, P. J.*, not sitting because not a member of the court at the time the case was submitted.