MOSHER v. THE IND. SCHOOL DIST. OF STEAMBOAT ROCK.

1. **Pleading:** BONDS: LIMIT OF INDEBTEDNESS. In an action against a municipal corporation to recover upon its bonds, it is not necessary to allege in the petition that they were not issued in excess of the constitutional limitation, or that they were issued in the manner and for the purpose authorized by law.

2. ———: ———: BURDEN OF PROOF. The bonds being in the proper form and signed by the proper officers, the holder makes a *prima facie* case by their introduction, and any illegality in them must be affirmatively established as a defense.

3. ———: DEMURRER: ANOTHER ACTION. A demurrer to a petition on the ground that there is another action pending upon the same cause of action will be sustained only when the petition shows this fact upon its face.

*Appeal from Hardin District Court.*

WEDNESDAY, APRIL 5.

THE plaintiff filed a petition in two counts, in each claiming judgment for $746, the amount of a bond for $500, and the coupons due thereon, executed by defendant to Foster Brothers or order, and by them indorsed in blank. The bonds, copies of which are attached to the petition, recite that they are "issued by the board of school directors by authority of an election of the voters of said school district, held on the 31st day of July, 1869, in conformity with the provisions of chapter 98 of Acts of 12th General Assembly."

The defendant's demurrer to each count of the petition was sustained. Thereupon the plaintiff dismissed the second count of his petition and elected to stand upon the first count, and the court rendered judgment against plaintiff for the costs. Plaintiff appeals.

*Porter & Moir,* for appellant.

Independent school districts may issue negotiable bonds to run not more than ten years. (Chap. 98, Laws of 1868.) The defendant may demur to the petition only when the ground

of demurrer appears upon the face of the petition. (Code, §§ 2648–50.) If the defect exists in fact but does not appear on the face of the petition, it can only be taken advantage of by answer. (*Childs v. Limback*, 30 Iowa, 399.)

*E. W. Eastman*, for appellee.

Third persons taking the paper of municipal corporations are put upon inquiry and must act at their peril. (*Clark v. Des Moines*, 19 Iowa, 209; *City of Leavenworth v. Rankin*, 2 Kan., 357; *Zollman v. San Francisco*, 20 Cal., 96; *Gould v. Town of Sterling*, 23 N. Y., 458.) A municipal corporation can only do what it is expressly authorized to do and that must be done in the manner provided by statute. (*Zollman v. San Francisco, supra; Taylor v. Dist. Tp. of Wayne*, 25 Iowa, 450; *Taylor v. Dist. Tp. of Otter Creek*, 26 Id., 282; *Decorah v. Bullis*, 25 Id., 16; *The I. R. L. Co. v. Sac Co.*, 39 Id., 124.) If the power granted to a municipal corporation is not exercised in the mode provided, the act is void. (Story on Agency, §§ 126, 307, 319; *Reichard v. Warren Co.*, 31 Iowa, 388; *Andover v. Grafton*, 7 N. H., 302.) Unless the instrument expresses a consideration, it does not possess the quality of negotiability. (1 Pars. on Con., 7, 8, 428–9; Story on Bills of Exchange, § 16.) If the instrument itself does not state that the promise to pay is based on a consideration, then the petition must aver it, and it must be proved as averred. (*Douglass v. Davis*, 2 McCord, 218; *Moore v. Ross*, 7 N. H., 533.)

DAY, J.—I. It is objected that the petition does not show the amount of taxable property in the district at the time of issuing the bonds, nor the amount of bonds issued, nor the amount of former indebtedness of the district; that it does not show the holding of any election to vote upon any sum of money to be raised by the sale of the bonds; and that it does not show that the defendant received any consideration for the bonds and coupons, or that they were issued for any cause authorized by law.

1. PLEADING: bonds: limit of indebtedness.

Article eleven, section three, of the Constitution provides that no political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount in an aggregate exceeding five per centum on the value of the taxable property within such corporation.

Chapter 98, Laws Twelfth General Assembly, authorizes independent school districts to issue negotiable bonds, to run any period not exceeding ten years, drawing a rate of interest not exceeding ten per centum per annum, which may be paid semi-annually. The same chapter provides that it shall be lawful for the school board of such district to submit to the voters thereof the question of issuing bonds as contemplated by the act, and, if a majority of votes be in favor of the loan, the board shall issue the bonds to the amount voted.

It is urged by appellee that it is incumbent upon plaintiff to allege and prove that the bonds in question were not issued in excess of this constitutional restriction; that the election required was held; that the bonds were issued for a purpose authorized by law, and that defendant received a consideration for them.

We know of no principle of law or rule of policy which would impose this burden upon the plaintiff. Authority is 2. ——: ——: conferred upon independent school districts for burden of proof. certain purposes, and in a prescribed manner to issue their negotiable bonds. These bonds are intended to be sold at not less than their par value. It would much impair their value in the market and the facility of their negotiation, if the holder must assume the burden of proving that they have, in all respects, been issued in conformity with law. As the district is authorized to issue them under certain circumstances, and for certain purposes, when they are placed upon the market in the proper form, executed by the proper officers, there is *prima facie* a presumption that they have in all respects been issued in the proper manner. The holder makes out a *prima facie* case when he introduces in evidence his bond. Any illegality in its execution must be shown by the defendant as a matter of defense.

Appellee cites and relies upon section 2711 of the Code,

which provides that "Whenever a party claims a right derogatory from the general law, or when his claim is founded upon an exception of any kind, he shall set forth such claim or such exception in his pleading." The error of appellee is in assuming that the party who seeks to recover upon a bond issued by an independent school district, claims a right derogatory from the general law. Such a party claims a right under the general law. The statute which authorizes independent school districts to issue bonds, is a public and general statute. It is as much a part of the general law as the law authorizing counties to levy taxes or to issue warrants. It is no less a part of the general law, from the fact that it has not existed from time immemorial.

The case of *Andover v. Grafton*, 7 N. H., 298, cited and relied upon by appellee, is not in point. In that case the selectmen had no specific authority to bind the town by note, and the authority was inferred simply from the authority to contract. They had no specific power to issue paper possessing all the properties of negotiability.

We are clear that the court erred in sustaining the demurrer.

II. Another ground of demurrer is that there is another action pending, involving the same subject matter. Appellee urges that the Code, wisely or unwisely, provides that the defendant may demur when there is another action pending between the same parties for the same cause of action. Citing section 2648. This is true; but the same section provides that the defendant may demur to the petition only when the ground of demurrer appears upon its face. This petition does not show that there is another action pending between these parties for the same cause.

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and allow defendant to answer, if so advised.

                                        REVERSED.