## SCHOOL DISTRICT NUMBER SEVEN, APPELLANT, *v.* PATTERSON ET AL., RESPONDENTS.

SCHOOL MONEYS—*Statutory construction.*—Section 1886 of the Montana School Law, fifth division, Compiled Statutes, makes it the duty of the district clerk to take annually "an exact census of all children residing in the district. Children absent from home attending private schools to be included in the census list of the district where their parents reside." Sections 1869 and 1907 empower the county superintendent to apportion all school moneys to the school districts in proportion to the number of school census children as shown by the returns of the district clerk. In the case at bar certain children were returned by the district clerk as of one district, while their fathers resided in another district. The county superintendent transferred these children to the districts where their fathers had residence, and apportioned the school moneys accordingly. *Held,* that the exact census required by law could not include any person whose legal residence was elsewhere, and the transfer and apportionment were proper.

*Appeal from Sixth Judicial District, Gallatin County.*

Judgment was rendered for the defendants below by LID-DELL, J.

*Luce & Luce*, for Appellant.

*Vivion & Cockrill*, for Respondents.

BLAKE, C. J.—This action was commenced by School District No. 7, county of Gallatin, Territory of Montana, against the treasurer of said county, to enjoin him from paying to certain school districts the sums of money which are specified in the complaint, and obtain a decree for the payment thereof to the plaintiff. The districts which might be affected by the judgment were made parties and answered. The evidence, concerning which there is no conflict, establishes these facts. The clerk of said School District No. 7, enumerated between the twentieth and thirtieth days of November, 1888, the children between the ages of four and twenty-one years, who are described in the pleadings, and boarded or lived there with their respective mothers in houses which had been rented.

The fathers of these children were *bona fide* residents of the districts, who appear and deny the right of plaintiff to recover said moneys. The children were attending schools in the school district No. 7, when their names were given to the clerk by their mothers. The county superintendent of common schools of the county corrected the census reports of the clerks of the districts by crediting or transferring the names of the children to the school districts in which their fathers lived, and apportioned said moneys accordingly.

Two questions are discussed by counsel, and will be considered by the court. No authorities have been cited, and the parties differ respecting the construction of the statute regulating the subject. Were the children legally enumerated by the clerk of the School District No. 7? Did the county superintendent have the power to disregard the census which had been taken by this clerk, and apportion the school funds contrary thereto?

The following provisions of the "Montana School Law" are applicable to this investigation:—

"Sec. 1886. It shall be the duty of the district clerk to

take annually, between the twentieth and thirtieth days of November of each year, an exact census of all children and youth over four and under twenty-one years, residing in the district, and shall specify the number and sex of such children, and the names of their parents or guardians. . . . . All children who may be absent from home attending boarding schools and private seminaries of learning shall be included by the district clerk in the census list of the city, town, or district in which their parents reside, and shall not be taken by the district clerk of the city, town, or district where they may be attending such private institution of learning. He shall make a full report thereof on the blanks furnished for that purpose, under oath, to the county superintendent, on or before the first day of December thereafter, and deliver a copy to the school trustees."

"Sec. 1869. The county superintendent shall apportion all school moneys to the school districts in accordance with the provisions of this article. . . . ."

"Sec. 1907. All school moneys apportioned by county superintendents of common schools shall be apportioned to the several school districts in proportion to the number of school census children, between four and twenty-one years of age, as shown by the returns of the district clerk for the next preceding school census." The statute makes the clerk liable for neglect through which his district shall fail to receive its apportionment of school moneys. (§ 1917.)

"Sec. 1889. Any board of trustees shall have power to make arrangements with the trustees of any adjoining district for the attendance of such children in the school of either district as may be best accommodated therein, and to transfer the school moneys due by apportionment to such children to the district in which they may attend school."

"Sec. 1890. Every school, unless otherwise provided by special law, shall be open for the admission of all children between the ages of five and twenty-one years of age residing in that school district, and the board of trustees shall have power to admit adults and children not residing in the district, whenever good reasons exist for such exceptions."

Upon the trial, the county superintendent of common schools testified: "All these children attend school in said respective

districts when they have school. . . . . I transferred all these names to the district in which the father had and made his permanent residence." This testimony was not contradicted. Construing these provisions together we are satisfied that the "exact census," which the clerk of a school district is required to take, must be "precisely accurate," and cannot include any person whose legal residence is elsewhere. The law contemplates that children will attend the schools within their respective districts, and provides expressly for the enumeration of those who are in private institutions of learning. The conditions under which the attendance of children is permitted in the public schools of the districts in which they do not reside are prescribed.

In *Lamar* v. *Micou*, 112 U. S. 452, Mr. Justice Gray says in the opinion: "An infant cannot change his own domicile. As infants have the domicile of their father, he may change their domicile by changing his own; and after his death, the mother, while she remains a widow, may likewise by changing her domicile, change the domicile of the infants; the domicile of the children in either case, following the independent domicile of their parent." (*School Directors* v. *James*, 2 Watts & S. 568; 37 Am. Dec. 525; Story on Conflict of Laws, p. 46.) In *Kennedy* v. *Ryall*, 67 N. Y. 379, the court observes that "generally speaking domicile and residence mean the same thing."

The names of the children referred to in the case at bar should have been placed upon the school census of the districts respectively where their fathers resided. But the appellant contends that the county superintendent of the common schools should be controlled in the apportionment of said moneys by the returns of the clerk of school district No. 7. This is his duty when there is no error upon their face, and his action has not been restrained by due process of law. But when the clerks furnish to this officer full reports, similar to the documents which are found in the transcript, and show that some children are the residents of two distinct districts, or that the father resides in a district which is different from that of his children, the mistakes which are apparent should be rectified. The county superintendent is compelled to ascertain from the returns, if possible, the number of the school children in each district before the apportionment of the public moneys can be made.

The record demonstrates that this officer, of whom the appellant complains, applied these principles to the reports of the clerks, and was thereby enabled to make a lawful apportionment for every district.

It is therefore ordered that the judgment be affirmed with costs.

HARWOOD, J., and DE WITT, J., concur.