O'BRIEN, RESPONDENT, v. SCHOOL DISTRICT No. 1, APPELLANT.

(No. 5,285.)

(Submitted September 14, 1923. Decided October 15, 1923.)

[219 Pac. 1113.]

*Contracts of Employment—Breach—School Districts—Complaint—Sufficiency—Clerk of Board of Trustees—Performance of Official Duty—Regularity—Presumptions—Excess of Authority—Burden of Proof.*

Contract of Employment—Breach—Complaint—Sufficiency.
1. Complaint in an action for damages for breach of a contract of employment, alleging that plaintiff was employed by the defendant school board as janitor for a definite term at a fixed wage per month; that he performed his part of the contract until the day of his discharge; that he was ready, able and willing to perform it to the end of the contract period; that he was wrongfully discharged before the end of his term of employment, and by reason thereof suffered damages in a given amount, *held* sufficient to state a cause of action.

Same—School Districts—Notice of Discharge by Clerk of Board—Performance of Official Duty — Regularity — Presumptions — Excess of Authority—Burden of Proof.
2. Evidence that the clerk of defendant school board notified plaintiff prior to the end of his term of employment that he was discharged, *held* sufficient to show his discharge as against the contention that in the absence of a showing that the board had acted and authorized the clerk to give the notice, it was insufficient, the presumption being that the clerk as an officer of the board in sending the notice regularly performed his official duties, the burden of showing that he acted in excess of his authority having been upon defendant.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by William O'Brien against School District No. 1 of Silver Bow County. Judgment for plaintiff and defendant appeals. Affirmed.

1. Right of master to discharge servant under contract for definite period providing services are satisfactory, see notes in 11 **Ann. Cas.** 840; **Ann. Cas.** 1915A, 749.

Cause submitted on briefs of Counsel.

*Mr. George Bourquin, Mr. Ed. Fitzpatrick* and *Mr. H. A. Tyvand,* for Appellant.

*Messrs. Lamb & Malloy,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to recover damages for an alleged breach of a contract of employment. Plaintiff undertook to state three causes of action, but upon the trial the second one was eliminated, and further reference to it need not be made. In the first cause of action it is alleged, in substance, that in June, 1920, plaintiff was employed by the school district to work as a janitor at one of its school buildings for the term commencing September 1, 1920, and ending June 11, 1921, at $165 per month; that he performed his part of the contract until May 11, 1921, when he was wrongfullly discharged; that he was ready, able and willing to complete the contract in all things by him to be done or performed, but was prevented by the wrongful act of the defendant, to his damage, *etc.* The third cause of action states the same facts concerning the employment and discharge of one Stephen Lawrence, and alleges an assignment of Lawrence's claim to plaintiff. The answer is in effect a general denial. Upon the trial and at the conclusion of plaintiff's case the defendant declined to introduce any evidence, and the court directed a verdict for plaintiff upon the first and third causes of action. From the judgment entered on the verdict, this appeal is prosecuted.

The argument of counsel for defendant is directed to two questions only: (1) Does the complaint state a cause of action? and (2) Is the evidence sufficient to sustain the verdict?

1. Since the allegations of the two causes of action are sub-
[1]  stantially the same, and the evidence in support of each cause of action is likewise the same  so far as the questions

here involved are concerned, a discussion of the first cause of action will suffice for both. From the allegations of that cause of action, construed according to the liberal rule prescribed by section 9164, Revised Codes of 1921, it appears that plaintiff was employed by the defendant for a definite term at a fixed wage per month; that he performed his part of the contract until May 11, 1921, and was ready, able and willing to perform it to the end of the contract period; that he was wrongfully discharged before the end of his term of employment, and by reason thereof he suffered damages in the sum of $165. The complaint follows the form approved by Sutherland and is sufficient. (Sutherland on Code Pleading, Practice and Forms, secs. 224 and 5214.)

2. There is ample evidence to prove the contract of em-
[2] ployment as alleged; but it is earnestly insisted that there is not evidence sufficient to sustain the allegation that plaintiff was discharged prior to the termination of the period of his employment. The only evidence upon the subject is that on May 11, 1921, the clerk of the board of school trustees notified plaintiff that he was discharged. It is argued that since the clerk was without authority to discharge plaintiff this evidence is insufficient, in the absence of some showing that the board had acted and had authorized the clerk to give the notice.

A school district is a public corporation (sec. 1022, Rev. Codes 1921) with limited powers (*Finley* v. *School District No. 1,* 51 Mont. 411, 153 Pac. 1010). Its business is transacted by a board of trustees (sec. 1020), and among the powers expressly conferred upon the board is the power to employ or discharge teachers, mechanics or laborers (sec. 1015). To give validity to the business of the board it must be transacted at a regular or special meeting (sec. 1006), and the trustees must then act as a board. (*Williams* v. *Board of Commrs.,* 28 Mont. 360, 72 Pac. 755; *Kirkup* v. *Anaconda Amusement Co.,* 59 Mont. 469, 17 A. L. R. 441, 197 Pac. 1005.) Since the trustees can act only as a board—a legal

entity—it can express itself only through the medium of an officer or agent, and, to the end that it may express itself effectively, it is authorized to secure a competent person, not a member of the board, as its clerk. (Sec. 1005.) The position held by the clerk is denominated an office (sec. 1000), and the incumbent is chosen for a definite term (sec. 1005), with duties defined by various sections of the School Code and with provision made for his compensation. (Sec. 1051.) Under these circumstances we hold that the presumption obtains that, in giving the notice to plaintiff that he was discharged, the clerk of the defendant board regularly performed his official duties (subd. 15, sec. 10606, Rev. Codes 1921), and if in fact he acted without or in excess of his authority, the burden was upon the defendant to show that he did so.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.

Rehearing denied November 20, 1923.