PETER MINTENER LUMBER CO., Appellant, *v.* SCHOOL
DISTRICT No. 56, Respondent.

(No. 6,365.)

(Submitted February 25, 1929.   Decided April 8, 1929.)

[277 Pac. 9.]

*Mr. Rudolph Nelstead* and *Mr. L. M. Simons*, the latter of the Bar of Belle Fourche, South Dakota, submitted a brief in behalf of Appellant; *Mr. Nelstead* argued the cause orally.

*Mr. Raymond Shelden* and *Mr. George W. Farr,* for Respondent, submitted a brief; *Mr. Farr* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought to recover for lumber and other building material alleged to have been sold and delivered by plaintiff to defendant.

The complaint contains two causes of action; the first alleges, in substance, that on the seventeenth day of January, 1923, plaintiff submitted to defendant its offer, proposal and estimate to furnish certain lumber and material to defendant for the construction of a schoolhouse; that its offer was accepted by defendant and thereafter on the seventh day of February, 1923, plaintiff delivered the lumber and material pursuant to its offer, so accepted by defendant, and sold and

delivered the same to defendant, and that defendant has failed, neglected and refused to pay the contract price of $416, or any part thereof. The second cause of action alleges that between February 7 and 27, 1923, at the special instance and request of defendant, plaintiff sold and delivered to defendant certain building material of the value of $60.20, and that plaintiff has not paid any part thereof. Defendant, by answer, denied the material allegations of the complaint.

Upon the trial of the action plaintiff's testimony disclosed that on January 17, 1923, it submitted to defendant an estimate and bid to furnish the lumber and other building material described in the first cause of action for the construction of a schoolhouse, which was mailed to Mr. Joseph V. Cuddy; thereafter, by letter signed "Jos. V. Cuddy, Clerk," plaintiff was advised that its proposal and bid had been accepted and directed to deliver the materials to Bert Watts. All the materials described in plaintiff's bid were delivered to defendant's designated agent. Between February 7 and 27, 1923, plaintiff, at the request of Cuddy, delivered to defendant the materials described in the second cause of action. None of the materials so delivered have been used by defendant and payment therefor has not been made.

At the close of plaintiff's case defendant's motion for a nonsuit was granted, judgment entered thereon, and from it plaintiff appeals.

The principal question presented for determination is: Was plaintiff required to allege and prove that defendant complied with the statutory provisions relating to advertising for bids and other prerequisites, before entering into the contract in question?

Section 1016, Revised Codes 1921, provides, in substance, that no board of trustees shall let any contract for building a schoolhouse where the amount involved is in excess of $250, without first advertising a call for bids for at least two weeks, and that such contract must be awarded to the lowest responsible bidder. Under the provisions of section 1006, Id., no business transacted by the board is valid unless transacted at

a regular or special meeting of the trustees; while section 1015, Id., authorizes the board to build a schoolhouse when directed so to do by a majority of the electors of the district, voting at an election held for that purpose.

Counsel for defendant contend that plaintiff was obliged to allege and prove that the board of trustees of defendant district complied with these statutory provisions. With this contention we do not agree. One of the general powers of the board is to build schoolhouses. "Every school board, unless otherwise provided by law, shall have power and it shall be its duty: * * * 8. To build * * * schoolhouses * * * ." (Sec. 1015, supra.) And we must presume that the board regularly performed its official duty in that regard. (Sec. 10606, Rev. Codes 1921.)

It does not affirmatively appear, either from the allegations of the complaint or the testimony, or from any fact or circumstance, that the trustees of defendant school district acted beyond the scope of their authority, and in the absence of proof in that behalf it will be presumed that the contract is valid and that the board regularly performed the duties imposed upon it by law. (Sec. 10606, Id.) If the proper and necessary steps were not taken to authorize it, the burden was upon defendant to prove the facts rendering it illegal; when it seeks to avoid the same upon the ground of an antecedent failure of its trustees to comply with certain statutory requirements, prior to the making of the contract, this was a matter of defense which it must prove. (*Brown* v. *Board of Education*, 103 Cal. 531, 37 Pac. 503; *Mosher* v. *School District*, 42 Iowa, 632; *Harrold* v. *City of Huntington*, 74 W. Va. 538, 82 S. E. 476; *City of Rome* v. *Whitestown Water Works Co.*, 113 App. Div. 547, 100 N. Y. Supp. 357; *Skinner etc. Stationery Co.* v. *Board of Education*, 182 Mo. App. 541, 165 S. W. 835; *City of Chicago* v. *Peck*, 196 Ill. 260, 63 N. E. 711; *Board of Commrs.* v. *City of Ft. Collins*, 68 Colo. 364, 189 Pac. 929; *Oklahoma City* v. *Derr*, 109 Okl. 192, 235 Pac. 218.) There are reputable authorities supporting defendant's contention,

468

but we think the conclusion we have reached is supported by the better reasoned cases.

Counsel contend that the cases of *Pue* v. *Lewis and Clark County,* 75 Mont. 207, 243 Pac. 573, and *Jay* v. *School District,* 24 Mont. 219, 61 Pac. 250, are controlling. These cases are clearly distinguishable. In *Pue* v. *Lewis and Clark County* the evidence disclosed that plaintiff had performed certain services without the knowledge or consent of the board of health or the board of county commissioners, and affirmatively showed that the statutory provisions relating to the character of contract involved in the action had not been complied with. In *Jay* v. *School District,* the illegality of the contract appeared upon the face of the complaint. In each of these cases the court properly held that the plaintiffs were not entitled to recover. We go no further than to hold that under the allegations of the complaint and the proof offered in support thereof, plaintiff made out a prima facie case sufficient to go to the jury. There is not anything in the language used in the cases above referred to inconsistent with the conclusion announced here. If upon a retrial of this cause it is made to appear that the trustees failed to comply with the statutory provisions before entering into the contracts, the case will fall squarely within the rule announced in the cases cited above.

Counsel for defendant contend that plaintiff failed to prove acceptance of its bid by defendant and insist that the letter signed ''Jos. V. Cuddy, Clerk'' is insufficient proof. The letter, standing alone, would fall short of establishing this disputed fact, but the evidence shows that at the time the letter was written Cuddy was acting clerk of defendant school district, and the materials were in fact received and accepted by defendant. We think this showing was sufficient. The presumption obtains that in notifying plaintiff that its bid had been accepted, the clerk, as the medium through whom the trustees expressed themselves, regularly performed his official duties. (*O'Brien* v. *School District,* 68 Mont. 432, 219 Pac. 1113.)

It appears that during the time Cuddy was acting as clerk he was a member of the board of trustees of defendant school district, and counsel contend that, by reason thereof, under the statutes, he could not act as clerk.

Section 1005, Revised Codes 1921, provides that the board of trustees shall ''organize by choosing one of their number Chairman, and a competent person, not a member of the board, as clerk,'' while section 1049, Id., prescribes the duties of the clerk of the board and ''if he shall not be present [at meetings], the board of trustees shall select one of their number as clerk, * * * .''

Whether Cuddy was qualified to act as clerk is not necessary for decision; his title to office cannot be tried in a proceeding to which he is not a party. He was, at least, a *de facto* clerk, and his acts, by color of office, are proof against collateral attack. (*State ex rel. Dunne* v. *Smith,* 53 Mont. 341, 163 Pac. 784; *State ex rel. Buckner* v. *Mayor of Butte,* 41 Mont. 377, 109 Pac. 710.)

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.

Rehearing denied May 11, 1929.